# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| LaSalle Chandler, | CASE NO. 1:19 CV 1592 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| Publisher Clearing House, et al., | **Memorandum of Opinion and Order** |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff LaSalle Chandler brings this action against defendants Publisher Clearing House, the Ohio Department of Education, and the Ohio Lottery. (Doc. 1). Chandler filed a motion to proceed with this action *in forma pauperis* (Doc. 2), and that motion is granted.

For the reasons that follow, this action is dismissed.

## BACKGROUND

The Complaint consists of brief and vague statements alleging that Plaintiff attended school K-12, Tri-C, and Penn Foster but never received a diploma or degree, and was employed at factories and fast-food establishments. The Complaint further alleges that someone is using Plaintiff's name, which was discovered when Plaintiff won the Ohio Lottery and Publisher Clearing House contest. Plaintiff asserts no specific legal claims against any defendant based upon these factual allegations. For relief, Plaintiff asks this Court to "award my certification

and money and to attend school at the university level[.]" (Doc. 1 at 2).

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Plaintiff, as the party

bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

The first type of federal jurisdiction relies upon the presence of a federal question. 28 U.S.C. § 1331. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In determining whether a claim arises under federal law, the Court looks to the well-pleaded allegations of the Complaint. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation omitted). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d 468, 475 (6th Cir. 2008) (citation omitted). Plaintiff is proceeding *pro se* and, therefore, enjoys the benefit of a liberal construction of the Complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even with the benefit of liberal construction, Plaintiff has not alleged a federal question and none is apparent on the face of the Complaint.

The second type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. There are no allegations in the Complaint from which this Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff has not established a basis for the Court's subject matter jurisdiction over this case. The face of the Complaint does not suggest that Plaintiff is asserting a claim arising under federal law or based upon diversity jurisdiction. In the absence of a cognizable federal question or a claim over which this Court may exercise diversity jurisdiction, the Court lacks jurisdiction over this matter. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction").

**CONCLUSION**

Accordingly, there being no claim asserted in the Complaint over which the Court may exercise subject matter jurisdiction, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 10/15/19